# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALERIE WILLIAMS, an individual, ) | |
| ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| ZAVOR AMERICA, INC. a/k/a ) | |
| FECNA AMERICA, INC., f/k/a FAGOR ) | |
| AMERICA, INC., a New Jersey Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, **VALERIE WILLIAMS** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **ANAPOL WEISS**, hereby submit the following Complaint and Demand for Jury Trial against Defendant **ZAVOR AMERICA, INC. a/k/a FECNA AMERICA, INC., f/k/a FAGOR AMERICA, INC.,** (hereafter referred to as "Defendant Fagor"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE ACTION

1. Defendant designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Fagor EZ Lock Pressure Cooker" that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and that they are equipped with features such as a Safety Valve[2] and a Safety Window.[3] Despite Defendant's claims of

---

[1] *See*, Fagor EZ Lock Pressure Cooker Owner's manual. A copy of the Owner's manual is attached hereto as "Exhibit A".
[2] *Id.*

"safety", it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's claims, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendants knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

5. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF VALERIE WILLAMS

6. Plaintiff is a resident and citizen of the City of Monroe, Parish of Ouachita, State of Louisiana.

7. On or about February 10, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated

---

[3] *Id*.

and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" features which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## **DEFENDANT ZAVOR AMERICA, INC.**
## **a/k/a FECNA AMERICA, INC.**
## **f/k/a FAGOR AMERICA, INC.**

8. Defendant designs, manufactured, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Upon information and belief, Zavor America, Inc., Fagor America, Inc. and Fecna America, Inc. are one and the same corporation, and/or a successor or predecessor of the other, and/or changed its name from Fagor America, Inc. to Fecna America, Inc./Zavor America, Inc., or *vice versa*.

10. Fagor America, Inc. and/or Zavor America, Inc. Fecna America, Inc. distributed to retailers in the United States cooker products under the brand name of "Fagor". Therefore, for purposed of this complaint, Plaintiff simply refers to "Defendant Fagor".

11. Defendant Fagor is a Delaware Corporation, with a principal business located at 1099 Wall Street West, Suite 179, Lyndhurst, New Jersey, 07071, and does business in all 50 states. Defendant Fagor is therefore deemed to be a resident and citizen of the state of New Jersey. At all times relevant, Defendant Fagor substantially participated in the design,

manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

## FACTUAL ALLEGATIONS

15. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

16. Defendant touts the "safety"[4] of its pressure cookers, and that they are equipped with features such as a Safety Valve[5] and a Safety Window.[6]

17. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and

---

[4] *See*, Fagor EZ Lock Pressure Cooker Owner's manual. A copy of the Owner's manual is attached hereto as "Exhibit A".
[5] *Id.*
[6] *Id*.

4

manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

23. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

24. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

25. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 et. seq.)

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. This Count is brought pursuant to N.J.S.A. §2A:58C-1 et. seq., the New Jersey Products Liability Act.

28. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

30. Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq*. is liable unto Plaintiff for her injuries and

damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

31.  Specifically, Defendant's pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

32.  Further, a reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## **INJURIES & DAMAGES**

33.  As a direct and proximate result of Defendant's strict liability, negligence and wrongful misconduct as described herein, Plaintiff have suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff are entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

34. As a direct and proximate result of Defendants' strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff have incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

35. As a direct and proximate cause of Defendant's strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burns she suffered from the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

36. Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendants as follows:

A. On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper;

Respectfully submitted,

**ANAPOL WEISS**

Dated: February 9, 2021          */s/ Miriam Benton Barish*
Miriam Benton Barish, Esquire
Attorney for Plaintiff
NJ Attorney ID No. 051111995
One Logan Square
130 North 18th Street
Suite 1600
Philadelphia, PA 19103
215-790-4571
mbarish@anapolweiss.com


*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***

9